UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-cv-23995-ALTMAN

PEDRO ANAYA,

    *Plaintiff*,

v.

MIAMI BEACH CITY HALL,

    *Defendant.*

_____/

**ORDER DENYING WITHOUT PREJUDICE
MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***

Our *pro se* Plaintiff, Pedro Anaya, has moved to proceed *in forma pauperis* ("IFP") in this case. *See* IFP Motion [ECF No. 3]. Anaya is trying to sue "Miami Beach City Hall" for (among other things) "false arrest," "theft," "racism discrimination[,]" and "fabricating cases[.]" Complaint [ECF No. 1] at 4. But Anaya's vague and inscrutable Complaint fails to state a claim and falls far short of our pleading standards. Accordingly, we **DENY** the IFP Motion **without prejudice**, **DISMISS** the Complaint, and **GRANT** Anaya leave to redress these issues by filing an amended complaint.

**THE LAW**

A court may authorize a party to proceed *in forma pauperis* in any suit so long as that party complies with the prescriptions of 28 U.S.C. § 1915. Accordingly, the court must screen such cases and must dismiss a complaint if it concludes that "the action or appeal . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Mitchell v. Farcass*, 112 F.3d 1483, 1486 (11th Cir. 1997) (explaining the grounds for dismissal under § 1915).

To state a claim upon which relief may be granted, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level"—with "enough facts to state a claim to

relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Under this standard, legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678 (cleaned up).

Although "*pro se* pleadings are held to a more lenient standard than pleadings filed by lawyers," *Abram-Adams v. Citigroup, Inc.*, 491 F. App'x 972, 974 (11th Cir. 2012), that "leniency does not give a court license to serve as *de facto* counsel for a party or rewrite an otherwise deficient pleading in order to sustain an action," *Curtiss v. Comm'r of Soc. Sec.*, 856 F. App'x 276, 276 (11th Cir. 2021) (cleaned up). *Pro se* litigants cannot "simply point to some perceived or actual wrongdoing and then have the court fill in the facts to support their claim. . . . Judges cannot and must not fill in the blanks for *pro se* litigants; they may only cut some linguistic slack in what is actually pled." *Hanninen v. Fedoravitch*, 2009 WL 10668707, at *3 (S.D. Fla. Feb. 26, 2009) (Altonaga, J.) (cleaned up).

## ANALYSIS

Anaya's Complaint suffers from several salient defects. Specifically, the Complaint "tenders naked assertions devoid of further factual enhancement" and is made up of "unadorned, the-defendant-unlawfully-harmed-me accusations," in violation of Federal Rule of Civil Procedure 8(a)(2). *Iqbal*, 556 U.S. at 678 (cleaned up). To illustrate this deficiency, we'll reproduce the entirety of the Complaint's factual allegations below:

> 68 False Arrest, with police violence, with injuries, theft racism discrimination fabricating cases with false pretences manslaughter, murder, and 2 kidnaps case to be investigated.
>
> Never read my rights, or did not advice me that my right weren't suppost to be read in every case arrest.

Complaint at 4 (errors in original).

As this reproduction makes plain, the Complaint is an impermissible "shotgun pleading" that doesn't comply with the pleading standards set out in the Federal Rules of Civil Procedure. In the words of the Eleventh Circuit, a complaint is a shotgun pleading if it:

> (1) contains multiple counts where each count adopts the allegations of all preceding counts; (2) is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) fails to separate into a different count each cause of action; or (4) asserts multiple claims against multiple defendants without specifying which defendant is responsible for which act.

*Embree v. Wyndham Worldwide Corp.*, 779 F. App'x 658, 662 (11th Cir. 2019) (citing *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1322–23 (11th Cir. 2015)).

The Complaint easily falls into the second and third categories of shotgun pleading because it "is replete with conclusory [and] vague . . . facts[,]" and because it "fails to separate into a different count each cause of action[.]" *Ibid.* Indeed, Anaya's Complaint never tells us who violated his rights or how those rights may have been violated. *See* Complaint at 4. It's also impossible for us to say how many claims Anaya is trying to assert because his allegations are all mashed together in two short, run-on sentences. *See ibid.* Because Anaya's Complaint isn't composed of "short and plain statement[s] . . . showing that the pleader is entitled to relief[,]" it is a shotgun pleading which fails to state a claim upon which relief may be granted. FED. R. CIV. P. 8(a)(2); *see also Poole v. Bradshaw*, 2024 WL 1675304, at *3 (S.D. Fla. Apr. 17, 2024) (Altman, J.) ("[B]y definition, a shotgun pleading is a complaint 'that violates either Federal Rule of Civil Procedure 8(a)(2) or Rule 10(b), or both.'" (quoting *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021))).

Anaya is also prohibited from naming "Miami Beach City Hall" as a Defendant. Complaint at 1. A city hall is a building—not a person or entity that's capable of being sued in federal court. *See, e.g.*, *Jones v. City of Miami*, 2023 WL 5289248, at *3 (S.D. Fla. Aug. 17, 2023) (Altman, J.) ("Jones also cannot sue [the Turner Guilford Knight Correctional Center] itself because the jail is a building—not an entity that's capable of being sued."); *Longdon v. Cobb Cnty. Adult Det. Ctr.*, 2022 WL 22380632, at *2 (N.D.

Ga. Mar. 1, 2022) (Anand, Mag. J.) ("The CCADC is a building, not a person, and thus cannot be sued under § 1983."). If Anaya was trying to sue individual Miami Beach employees, he must name "the individual employees and officers . . . who were personally responsible" for the alleged acts. *Jones*, 2023 WL 5289248, at *3 (citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). If, on the other hand, Anaya was trying to sue the City of Miami Beach itself, he must show that the City "had a custom or policy that constituted deliberate indifference to [his] constitutional right[s]." *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004). We warn Anaya, however, that he cannot allege the existence of a "custom or policy" based only on "random acts or isolated incidents." *Depew v. City of St. Marys, Ga.*, 787 F.2d 1496, 1499 (11th Cir. 1986); *see also Craig v. Floyd Cnty., Ga.*, 643 F.3d 1306, 1310 (11th Cir. 2011) ("'Proof of a single incident of unconstitutional activity is not sufficient to impose liability' against a municipality." (quoting *City of Okla. City v. Tuttle*, 471 U.S. 808, 823–24 (1985))).

Finally, we'll take this moment to address our subject-matter jurisdiction. We always "have an obligation to examine *sua sponte* [our] jurisdiction over a case, notwithstanding the contentions of the parties." *DeRoy v. Carnival Corp.*, 963 F.3d 1302, 1311 (11th Cir. 2020) (citing *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999)). Anaya specifically invokes our diversity jurisdiction under 28 U.S.C. § 1332 by alleging that he's a citizen of California and that the Defendant is a citizen of Florida. *See* Complaint at 3. But Anaya doesn't appear to be a citizen of California. After all, he's twice confirmed—both in another portion of his Complaint and in his IFP Motion—that he resides in Florida, not California. *See id.* at 1 (listing address in Miami, FL); IFP Motion at 13 (identifying "Miami, FL" as "the city and state of your legal residence"). We cannot exercise diversity jurisdiction under § 1332 when the parties are citizens of the same state. *See McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002) ("Diversity jurisdiction exists over a controversy between *citizens of different states*." (emphasis added)).

Still, Anaya's inconsistent pleading hasn't necessarily deprived us of our jurisdiction. Although we cannot act as a *pro se* litigant's lawyer, we still "have an obligation to look behind the label" of a *pro se* pleading to determine if it is "cognizable under a different remedial statutory framework." *United States v. Jordan*, 915 F.2d 622, 624–25 (11th Cir. 1990). Performing that task here, we think we *might* have federal-question jurisdiction under 28 U.S.C. § 1331 over this action if Anaya is accusing state actors of violating his constitutional rights in violation of 42 U.S.C. § 1983. *See Arrington v. Cobb Cnty.*, 139 F.3d 865, 872 (11th Cir. 1998) ("To prevail on a claim under § 1983, a plaintiff must demonstrate both (1) that the defendant deprived her of a right secured under the Constitution or federal law and (2) that such a deprivation occurred under color of state law."). At any rate, since Anaya's Complaint includes only buzzwords (like "false arrest," "discrimination," and "racism") unmoored from any salient factual allegations, Complaint at 4, he's failed to plead that *anyone* violated his constitutional rights. In his amended complaint, in other words, Anaya must *both* state a viable claim *and* properly invoke our subject-matter jurisdiction.

***

As we've indicated, although Anaya's Complaint is deficient, we'll give him one chance to fix the problems we've identified here in an amended complaint. *See Woldeab v. DeKalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018) ("When a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." (quoting *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991))). When Anaya files his amended complaint, he must ensure that his factual allegations are properly pled: His "claims or defenses [should be] in numbered paragraphs, each limited as far as practicable to a single set of circumstances[,]" FED. R. CIV. P. 10(b), and the facts supporting these claims must also be presented in a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).

5

We warn Anaya that, if he fails to file a legally sufficient amended complaint, then we will dismiss the case *without leave to amend.*

## CONCLUSION

After careful review, therefore, we **ORDER and ADJUDGE** as follows:

1. The Plaintiff's Complaint [ECF No. 1] is **DISMISSED without prejudice**. The Plaintiff is **GRANTED** leave to file an amended complaint that complies with this Order by **November 22, 2024**. Failure to comply with this Order by that date will result in the case being dismissed without prejudice and without further notice. *See* FED. R. CIV. P. 41(b).

2. The IFP Motion [ECF No. 3] and the Motion for Referral to the Volunteer Attorney Program [ECF No. 4] are **DENIED without prejudice**. The Plaintiff shall re-file both motions contemporaneously with his amended complaint.

3. The Clerk is directed to administratively **CLOSE** this case. The Court will reopen the case once the Plaintiff has filed his amended complaint and otherwise complied with this Order.

**DONE AND ORDERED** in the Southern District of Florida on October 18, 2024.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:   Pedro Anaya, *pro se*